UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS JONES, #221006,

        Petitioner,

v.

CASE NO. 2:14-CV-14253
HONORABLE DENISE PAGE HOOD

DUNCAN MACLAREN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Curtis Jones ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement. Petitioner contests a 2004 prison contraband conviction, which was imposed following a guilty plea in the Lapeer County Circuit Court. He was sentenced to one year and one day to five years in prison on that conviction. Petitioner also contests a 2014 parole denial decision.[1]

In his first habeas claim, Petitioner asserts that he was denied his Sixth Amendment right to appellate counsel under *Halbert v. Michigan*, 545 U.S. 605 (2005), in pursuing an appeal of his 2004 prison contraband conviction. In his second habeas claim, Petitioner

---

[1]Petitioner is also serving a life sentence for second-degree murder, a two-year sentence for felony firearm, and a two to five-year sentence for the delivery or manufacture of less than 50 grams of cocaine. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=221006.

asserts that he was denied parole in February, 2014 based upon juvenile adjudications which occurred in the absence of counsel. In his third habeas claim, Petitioner asserts that his 2004 pre-sentence report contains improper references to those juvenile adjudications which occurred in the absence of counsel and to juvenile adjudications where he was not informed of his rights to appeal and to counsel, that he did not have an opportunity to review that pre-sentence report, and that the alleged improper information is being used to deny him parole. Petitioner states that he has filed motions in the state trial court and/or administrative grievances concerning his issues (some of which he alleges have not been ruled upon), and indicates that he has not fully exhausted his claims in the state courts.

For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Analysis**

    **A.    2004 Contraband Conviction Claims**

In his first claim and in part of his second and/or third claims, Petitioner challenges his 2004 contraband conviction and sentence. A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v.*

*Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted his habeas claims concerning his 2004 contraband conviction and sentence in the Michigan courts before proceeding on federal habeas review. Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 *et seq.* and seek further review in the state appellate courts as necessary. The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. A non-prejudicial dismissal of those claims is therefore appropriate.

    **B.**     **Parole Denial Claims**

In his second and third habeas claims, Petitioner challenges his 2014 parole denial, particularly the alleged reliance upon his juvenile adjudications to deny him parole. Petitioner, however, has already filed federal habeas petitions concerning those juvenile adjudications and his 2014 parole denial which remain pending in federal court. *See Jones*

3

*v. MacLaren*, No. 2:14-CV-00102 (W.D. Mich.) (juvenile adjudications); *Jones v. MacLaren*, No. 4:14-CV-14205 (E.D. Mich.) (parole denial). Accordingly, the instant action as to those claims must be dismissed as duplicative. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Such is the case here. Petitioner's claims concerning his juvenile adjudications and his 2014 parole denial are duplicative to claims raised in the aforementioned pending habeas actions. A non-prejudicial dismissal of those claims is therefore appropriate.

### III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not properly exhausted his claims concerning his 2004 contraband conviction in the state courts before seeking federal habeas review and that his claims concerning his 2014 parole denial and the disputed juvenile adjudications are duplicative to claims raised in two pending habeas cases. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the timeliness or the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid

claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

    **IT IS SO ORDERED**.


        **S/Denise Page Hood**
        **Denise Page Hood**
        **United States District Judge**

**Dated: January 30, 2015**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2015, by electronic and/or ordinary mail.**

        **S/LaShawn R. Saulsberry**
        **Case Manager**